IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LFR Collections, LLC | § | |
| | § | |
| Plaintiff | § | |
| | § | C.A. NO. 1:11-cv-00412-SS |
| ROSENTHAL & WATSON, PC, MARC | § | |
| G. ROSENTHAL, and LYNN WATSON, | § | |
| | § | |
| Defendants | § | |

**DEFENDANTS' ORIGINAL ANSWER TO AMENDED COMPLAINT**

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT COURT JUDGE:

Rosenthal & Watson, PC, Marc G. Rosenthal, and Lynn Watson ("Defendants"), file this Original Answer to LFR Collections, LLC's Amended Complaint as follows:

Answer

1.      With respect to paragraph 1, Defendants are without sufficient information to admit or deny the factual allegations regarding the incorporation and citizenship of Plaintiff LFR Collections, LLC ("LFR").  As argued in their Motion to Dismiss and Alternatively for a More Definite Statement, Defendants deny that LFR has standing to collect payment under the Loan Documents.

2.      Defendants admit the allegations in paragraph 2.

3.      With respect to paragraph 3, Defendants admit that Marc Rosenthal is an attorney licensed in the State of Texas and a Texas citizen.  Defendants deny that Mr. Rosenthal is a partner in Rosenthal & Watson, PC, which is not a partnership.  Rather, Mr. Rosenthal is a shareholder in Rosenthal & Watson, PC, which is a corporation.

1

4.      With respect to paragraph 4, Defendants admit that Lynn Watson is an attorney licensed in the State of Texas and a Texas citizen.  Defendants deny that Ms. Watson is a partner in Rosenthal & Watson, PC, which is not a partnership.  Rather, Ms. Watson is a shareholder in Rosenthal & Watson, PC, which is a corporation.

5.      Defendants admit the allegations in paragraph 5.

6.      Defendants admit the allegations in paragraph 6.

7.      Defendants admit the allegations in paragraph 7.

8.      Defendants admit the allegations in paragraph 8.

9.      Defendants admit the allegations in paragraph 9.

10.     Defendants admit the allegations in paragraph 10.

11.     Defendants admit the allegations in paragraph 11.

12.     Defendants admit the allegations in paragraph 12.

13.     Defendants admit the allegations in paragraph 13.

14.     Defendants admit the allegations in paragraph 14.

15.     Paragraph 15 contains a statement of definition which need not be admitted or denied.

16.     Defendants admit the allegations in paragraph 16.

17.     Defendants admit the allegations in paragraph 17.

18.     Defendants admit the allegations in paragraph 18.

19.     Defendants admit the allegations in paragraph 19.

20.     Defendants admit the allegations in paragraph 20.

21.     Defendants admit the allegations in paragraph 21.

7925-2\00101396.000

22.     Defendants deny the allegations in paragraph 22.  Mr. Rosenthal and Ms. Watson guaranteed the amounts owed by the primary obligor, Rosenthal & Watson, PC.  Accordingly, any defenses or offsets that Rosenthal & Watson, PC may have against LFR also reduce the amounts owed by Mr. Rosenthal and Ms. Watson as guarantors.  Moreover, to the extent that Rosenthal & Watson PC, Rosenthal and Watson were fraudulently induced to execute the Loan Documents or the First, Second and Third Confirmations, or have offsets due to a breach of the Loan Documents, defenses and offsets exist.

23.     Defendants admit the allegations in paragraph 23.

24.     Defendants are without sufficient information to admit or deny the factual allegations in paragraph 24.

25.     To the extent that LFR alleges that Stillwater Funding, LLC was immune from any offsets or defenses applicable to the original lender, Stillwater Asset-Backed Fund, LP ("Lender"), the Defendants deny the allegations in paragraph 25.  As the purported assignee of the Loan "receivables," Stillwater Funding, LLC stood in the shoes of Lender and was subject to the same defenses and offsets as would apply against Lender.  Defendants are without sufficient information to admit or deny the intentions of Stillwater or Lender.

26.     Paragraph 26 appears to be a statement of legal conclusion which Defendants need not admit or deny.  Defendants are without sufficient information to admit or deny any factual allegations regarding LFR's purported acquisition of the Loan "receivables."  Further, Defendants deny that LFR has standing to collect amounts owed under the Loan Documents.

27.     To the extent that LFR alleges that it is immune from any offsets or defenses applicable to Lender, Defendants deny the allegations in paragraph 27.  As the purported assignee of the Loan "receivables," LFR stands in the shoes of Lender and is subject to the same

3

defenses and offsets as would apply against Lender. Defendants are without information to admit or deny LFR's intentions.

28.     Defendants admit the allegations in paragraph 28.

29.     Defendants admit the allegations in paragraph 29.

30.     Defendants admit the allegations in paragraph 30.

31.     Defendants admit and deny the allegations incorporated in paragraph 31 as stated in responses 1 through 30 above.

32.     Paragraph 32 states a legal contention that Defendants need not admit or deny.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35, due to prior defaults under the Loan Documents.

36.     Paragraph 36 states a legal contention that Defendants need not admit or deny. To the extent that it makes any factual allegations, Defendants deny that LFR is entitled to attorneys' fees and costs.

37.     Paragraph 37 states a legal contention that Defendants need not admit or deny. To the extent that it makes any factual allegations, Defendants deny that LFR is entitled to damages in the amounts asserted.

38.     Defendants admit and deny the allegations incorporated in paragraph 38 as stated in responses 1 through 37 above.

39.     Paragraph 39 states a legal contention that Defendants need not admit or deny. To the extent that it makes any factual allegations, Defendants deny that they have been unjustly enriched in the amounts asserted.

40.     Defendants admit and deny the allegations incorporated in paragraph 40 as stated in responses 1 through 39 above.

41.     Defendants admit the allegations in paragraph 41.

42.     With respect to paragraph 42, Defendants admit that the November 23, 2010 letter ordered them to surrender the "Collateral" to Gerova Asset Backed Holdings, LP.

43.     With respect to paragraph 43, Defendants admit that they did not deliver any Collateral to LFR.  Defendants deny that LFR requested to remove any Collateral from their possession and/or that Defendants refused to allow LFR to do so.

44.     Paragraph 44 states a legal contention that Defendants need not admit or deny. To the extent that it makes any factual allegations, Defendants deny that they violated LFR's rights with respect to the Collateral.

45.     Paragraph 45 states a legal contention that Defendants need not admit or deny. To the extent that it makes any factual allegations, Defendants deny that they were unjustly enriched.

46.     Defendants admit and deny the allegations incorporated in paragraph 46 as stated in responses 1 through 45 above.

47.     Paragraph 47 states a legal contention that Defendants need not admit or deny.

48.     Defendants deny the allegations in paragraph 48.

49.     Paragraph 49 states a legal conclusion which Defendants need not admit or deny. To the extent of any factual allegations, they are denied.

50.     Defendants deny the allegations in paragraph 50.

51.     Paragraph 51 states a legal contention that Defendants need not admit or deny. To the extent that it makes any factual allegations, Defendants deny that LFR is entitled to attorneys' fees and costs.

52.     Defendants deny the allegations in paragraph 52.

53.     Paragraph 53 states a legal contention that Defendants need not admit or deny. To the extent that it makes any factual allegations, Defendants deny that LFR is entitled to damages in the amounts asserted.

54.     Defendants admit and deny the allegations incorporated in paragraph 54 as stated in responses 1 through 53 above.

55.     Paragraph 55 states a legal contention that Defendants need not admit or deny.

56.     Defendants deny the allegations in paragraph 56.

57.     Paragraph 57 states a legal conclusion which Defendants need not admit or deny. Defendants deny any factual allegations in this paragraph.

58.     Defendants deny the allegations in paragraph 58.

59.     Paragraph 59 states a legal contention that Defendants need not admit or deny. To the extent that it makes any factual allegations, Defendants deny that LFR is entitled to attorneys' fees and costs.

60.     Defendants deny the allegations in paragraph 60.

61.     Paragraph 61 states a legal contention that Defendants need not admit or deny. To the extent that it makes any factual allegations, Defendants deny that LFR is entitled to damages in the amounts asserted.

<u>Affirmative Defenses</u>

62.     Defendants plead the affirmative defense of failure of consideration.   Lender promised to advance funds to Rosenthal & Watson, PC up to a specified amount based on Lender's "commercially reasonable discretion."   Such discretion was not based upon Lender's financial condition.   However, Lender cut off Defendants' funding based on its own financial problems, not the financial condition of the Defendants.   As a result, Defendants lost substantial profits and were ultimately forced to default on their obligations under the Loan Documents. Accordingly, Defendants are entitled to offset their damages against the amounts owed under the Loan Documents.

63.     Defendants plead the affirmative defense of fraudulent inducement.   In connection with entering the original financing arrangement, Lender either directly or indirectly represented that it had sufficient financial resources to fund loans as described in the Credit Agreement.   Lender represented to Defendants, directly or inferentially that it was willing and able to fund Defendants' operations.   Defendants relied on those promises when they selected Lender as their source of credit.   In truth, Lender was underfunded and unable to meet its "commitment" to Defendants under the Credit Agreement.   When Lender failed to meet its funding obligations, Defendants suffered damages as a result.   Moreover by failing to fund under the Credit Agreement, Lender breached the contract thereby excusing performance under the Loan Documents.   Accordingly, Defendants are entitled to an offset those damages against the amounts owed under the Loan Documents.

WHEREFORE, based on the foregoing, Defendants request that upon final judgment this Court enter an order that the LFR take nothing by way of its claims, and that Defendants be granted such other and further relief to which they may show themselves justly entitled.

7925-2\00101396.000

Respectfully submitted,

HOHMANN, TAUBE & SUMMERS, L.L.P.
100 Congress Avenue, 18th Floor
Austin, Texas 78701
Telephone:  512/472-5997
Telecopier: 512/472-5248


By:   _/s/ Eric J. Taube_____

Eric J. Taube
State Bar No. 19679350
Cleveland R. Burke
State Bar No. 24064975

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was sent to the parties via the Court's ECF Noticing System on this 14th day of December, 2011.


_/s/ Eric J. Taube_____
Eric J. Taube

8

7925-2\00101396.000